New Jersey Department of Labor,
Workmen's Compensation Bureau.

JOHN P. ARMSTRONG, PETITIONER, v. RAILWAY MAINTE-
NANCE CORPORATION, RESPONDENT.

For the petitioner, *McCarter & English*.

For the respondent, *Collins & Corbin*.

\*　　\*　　\*　　\*　　\*　　\*　　\*

That on October 10th, 1926, Barclay B. Armstrong was regularly employed by the above-named respondent at Mill-stone Junction, near New Brunswick, New Jersey, at a wage of $175 per month. On said date, said Barclay B. Armstrong, while in and about his work for the respondent, was struck and almost instantly killed by a railroad train at the above-mentioned place, said accident arising out of and in the course of his employment with the respondent. Those partially dependent upon him at the time of his death were his father, John P. Armstrong; his mother, Regina Armstrong, and a sister, who was over sixteen years of age at the time but who was unable to work. All of these people were part of decedent's household at said time.

Said Barclay B. Armstrong had only worked for the respondent for ten days prior to his death and as a result had not actually been paid by the respondent at all prior to his death. For five days prior to his working for respondent he had worked for the Pennsylvania railroad and had not

been paid by this company either for that time prior to his death. His employment immediately prior to working for the railroad was on a golf course near his home in Newark, Delaware, and his wages in that employment were $100 a month, all of which wage he gave his mother toward the support of his father, his mother, his sister and himself. It is on this wage of $100 a month that the rate of compensation is fixed and with it as a basis and taking into consideration that the $100 a month included his own support, the rate of compensation is determined to be $6.92 per week, making the award for compensation in the case three hundred weeks at $6.92 a week to be paid the above-named petitioner for the dependents in this case. Funeral expenses amounted to over $150, therefore $150 is allowed the petitioner in accordance with the statute made and provided for the funeral expenses. A counsel fee of $100 is allowed the attorneys for the petitioner, to be paid by the respondent.

\* \* \* \* \* \* \*

CHARLES E. CORBIN,
*Deputy Commissioner.*